[No. 10,097.]

## THE PEOPLE *v.* AH KONG AND TONG SI.

ERROR WHICH DOES NO HARM.—On a trial for murder, if there is nothing in the evidence for the prosecution tending to show that the offense amounted to manslaughter only, or that the defendant was justifiable or excusable, the error of the Court in charging the jury that the killing being proved, the burden of showing the justification, or other excuse, is cast on the defendant, without the qualification, unless the proof on the part of the prosecution shows it, does the defendant no harm.

EXCUSABLE OR JUSTIFIABLE HOMICIDE OR MANSLAUGHTER.—If, on a trial for murder, the evidence of the prosecution shows that, while the deceased was walking on the street, unarmed, one of the defendants fired a pistol at him from behind, and that the deceased then seized hold of him, and the other defendant came out of a building and shot him in the back, and that then the first-named defendant shot him in the neck, killing him, such evidence does not tend to show that the crime was manslaughter, or that it was excusable or justifiable.

DEFENDANT CANNOT COMPLAIN OF INSTRUCTIONS, UNLESS INJURED.—If, in a criminal case, the instructions of the Court to the jury are more favorable to the defendant than they should have been, he is not injured, and cannot complain.

APPEAL from the District Court, Seventeenth Judicial District, County of Los Angeles.

The defendants were indicted for murder in the first

degree, charged to have been committed by killing Ah
Sam, on the 5th day of September, 1873. The jury found
the defendant, Ah Kong, guilty of murder in the second
degree, and the defendant, Tong Si, guilty of manslaughter.
The defendants appealed.

The other facts are stated in the opinion.

*James G. Howard,* for the Appellants.

*John L. Love,* Attorney-General, for the People.

By the Court, CROCKETT, J.:

The defendants being on trial under an indictment for
murder, the Court, at the request of the prosecution,
charged the jury "that killing being shown, the law throws
the burden of showing the justification or other excuse of
defendants devolves upon the defense." The wording of
the instructions is very awkward; but the meaning is ap-
parent, and could not have misled the jury. It could not
well have been understood otherwise than as stating, that
if the killing by the defendants was shown, the burden of
proving a justification or excuse was upon them. But sec-
tion one thousand one hundred and five of the Penal Code
provides that "upon a trial for murder, the commission of
the homicide by the defendant being proved, the burden of
proving circumstances of mitigation, or that justify or ex-
cuse it devolves upon him, unless the proof on the part of
the prosecution tends to show that the crime committed
only amounts to manslaughter, or that the defendant was
justifiable or excusable." The defendants object that the
instruction as given omits the qualifying portion of this
section, and was for that reason erroneous. If there was
anything in the evidence for the prosecution, tending to
show that the offense amounted only to manslaughter, or
that the defendants were justifiable or excusable, the in-
struction, as given, could not be supported.

But after a careful examination of the evidence for the
prosecution, we find none whatever tending to show that
the offense was only manslaughter, or that the defendants

were either justifiable or excusable. The evidence was that while the deceased was passing along the street, one of the defendants came to the door and fired a pistol shot at him, the deceased being wholly unarmed, and having his back towards the said defendant; that thereupon the deceased clinched the defendant, and seized the pistol with one hand and the other hand of the defendant with the other; that while they were in this position, the other defendant came from a contiguous building, and shot the deceased in the back or side; that thereupon the first-named defendant shot the deceased in the neck, breaking the spinal column and inflicting a mortal wound. There was nothing in this tending in the remotest degree to show that the crime was only manslaughter, or that the defendants were either justifiable or excusable.

There was nothing, therefore, in the evidence for the prosecution which required the Court to qualify the instruction; and the defendants were not damaged by the omission.

The Court also instructed the jury as follows: "If the jury believes from the evidence that both defendants entered into a conspiracy to feloniously shoot and kill Ah Sam, the deceased, and that they both feloniously shot at him in pursuance of that agreement, and that the deceased died of the wounds so inflicted by one or both of the defendants, the jury will find them guilty of murder in the second degree." The defendants object to this instruction on the ground that upon the facts which it assumes, the jury should have been instructed to convict the defendants in the first, instead of the second degree. The obvious answer to the objection is that if the instruction was more favorable to the defendants than it should have been, they could not have been damaged by it.

The only remaining point is that the Court erred in admitting evidence tending to impeach the witness Orea by proof of contradictory statements made by him, without a proper foundation having been first laid. But the point is not tenable. We think a proper foundation was laid for the admission of the evidence.

Judgment and order affirmed.   Remittitur forthwith.

Neither Mr. Justice RHODES nor Mr. Justice NILES expressed an opinion.