[No. 10,148.]

## THE PEOPLE *v.* VOLNEY CLEVELAND.

CORROBORATION OF TESTIMONY OF AN ACCOMPLICE.—On a trial for stealing a horse, if the prosecution prove the larceny by an accomplice, further proof that the next morning after the horse was stolen, the prisoner received him from the person who took the horse from the owner, and immediately removed him to another place for pasturage, and gave an assumed name to the person with whom he left the horse for pasturage, is a sufficient corroboration of the testimony of the accomplice to sustain a conviction.

IDEM.—Admissions made by a prisoner, which tend strongly to connect him with the larceny for which he is on trial, are a sufficient corroboration of the testimony of an accomplice introduced by the prosecution, to sustain a conviction.

CONTINUANCE.—An application for a continuance by a defendant in a criminal case, is properly denied, if affidavits on behalf of the people are

introduced which show that the absent witness is a fugitive from justice, and cannot probably be produced at the next term of the Court, and particularly if the deposition of the absent witness was taken before the examining Court, and the prosecution offers to allow it to be introduced in evidence on the trial.

INSTRUCTIONS TO THE JURY.—Although some of the instructions of the Court to the jury may not state the law with precise accuracy, yet if, taken as a whole, they are substantially correct, and could not have misled the jury to the prejudice of the defendant, the judgment will not be disturbed.

APPEAL from the County Court, County of San Joaquin.

The defendant was charged in the indictment with having stolen a horse, the property of James Furnish, on the 23d of July, 1874. The defendant applied for a continuance on an affidavit, which stated that one David Tyle was a material witness, etc. The prosecution, in reply, and against the defendant's objection, were allowed to introduce affidavits, showing that a warrant had been out for three or four weeks for the arrest of Tyle for the same larceny, and that he had fled and could not be found. On the examination of the defendant before the magistrate, Tyle had been sworn and examined, and his testimony had been reduced to writing, and the prosecution offered to permit the defendant to introduce this testimony on the trial. The Court denied the application for a continuance. On the trial, the prosecution introduced as a witness Joseph Foster, who testified that he and the defendant arranged that the witness should take some horses from Contrell, and if he could not find them, get some others, and take them to the defendant's house, and that the defendant was to receive them, and take them away. That Foster went to Contrell's on the night of the 23d of July, but did not find his horses, and went to the pasture of James Furnish near by, and took two horses, one a sorrel, and the other a bay, and went to the defendant's house, but did not find him, and then went to Tyle's, where the defendant was, and told the defendant to take the horses away to pasture, about twenty-five miles, and if he got a chance, to sell them, and they would divide the profits, and that the defendant took them. One Buckland was then introduced, who testified

that on the 24th of July, about 10 o'clock A. M., the defendant brought the horses to her place, about five miles from Tyle's, and twenty-five miles from Furnish's, and engaged her to pasture them, and said they were his horses, and that his name was Johnson.    The defendant was sworn on his own behalf, and admitted that Foster brought the horses to him as he had stated, but claimed that he did not know they were stolen, and that he took them away to pasture at Foster's request, supposing they were Foster's horses, and that he was not acquainted with Foster, and thought his name was Johnson.    The jailer also testified that the defendant asked him to take him to the District Attorney in order that he might make out a complaint against David Tyle for stealing the same horse, and said that Tyle knew as much about the larceny as he did; and if he had to go to the State Prison, he wanted to troll all the balance with him, and that he took the defendant to the District Attorney, who swore to complaint, charging Tyle with the larceny.    This complaint was also offered in evidence.    The defendant was convicted, and appealed.

*J. H. Budd* and *James H. Budd,* for the Appellant.

The defendant could not have been guilty of the larceny unless he counseled or encouraged its commission before it was committed.    The only evidence that he so counseled or encouraged the commission of the crime, was the testimony of Foster.    This evidence was not sufficient to warrant a conviction.    (Penal Code, Sec. 1,111; *People* v. *Ames,* 39 Cal. 403.)    The Court erred in denying defendant's motion for a continuance.    The Court denied the motion on the offer of the prosecution to admit in evidence the deposition of the absent witness, taken before the committing magistrate.

This was error.    The defendant was entitled to the presence of his witness in Court to testify personally before the jury, if the attendance of the witness could have been procured without unreasonable delay.    (*People* v. *Dias,* 6 Cal. 246; *People* v. *Dodge,* 28 Cal. 445.)

*John L. Love*, Attorney-General, for the People, argued that the continuance was properly denied, as two witnesses testified on the trial to the same matter mentioned in the affidavit, and that Foster, the accomplice, was corroborated by the facts that the prisoner was found in the possession of the stolen horses, and that he gave an assumed name.

By the Court, CROCKETT, J.:

1. There was evidence, exclusive of that of the accomplice, tending to connect the defendant with the commission of the larceny. The fact that on the morning after the larceny, the stolen horse was found in his possession, under the circumstances admitted by the defendant on his examination as a witness, and the further fact that he immediately removed the horse to another place for pasturage, and gave an assumed name, tended to show his complicity in the theft. Moreover, his admissions to the jailer and the District Attorney, tended strongly to implicate him as a party to the larceny.

2. The defendant's motion for a continuance was properly denied. The affidavits used on the motion satisfactorily established that the absent witness was a fugitive from justice, and could not probably be produced at the next term. His deposition had been taken before the examining Court, and the defendant had the benefit of it, or might have used it if he had elected to do so. Besides, the facts expected to be proved by him were not only sworn to by two other witnesses, but were in themselves of no significance.

3. While some of the instructions are perhaps subject to criticism, and may not state the law with precise accuracy, yet, taken as a whole, they were substantially correct, and could not have misled the jury to the prejudice of the defendant.

Order and judgment affirmed.

Mr. Justice NILES did not express an opinion.