[No. 10,604.—Department Two.]

## THE PEOPLE *v.* HENRY SMITH.

INFORMATION—EXAMINATION—COMMITMENT—PRESUMPTION OF REGULARITY.
The defendant in the Court below moved to set aside the information, on
the ground that, before the filing thereof, the defendant had not been legally
committed by a magistrate. The commitment was indorsed on the com-
plaint. There was no other deposition in writing.

*Held:* We must presume that the examination was had before the Justice,
in accordance with the rule that public officers must be presumed to have
performed their duty as required by law until the contrary appears.
There being no deposition in writing, there was no fault or irregularity
in making and indorsing the order on the complaint, as was done in this
case.

APPEAL from a judgment of conviction in the Superior
Court of Santa Clara County. BELDEN, J.

A petition for hearing in bank was filed in this case after
judgment, and denied.

*C. N. Quilty,* for Appellant.

*A. L. Hart,* Attorney General, for Respondent.

THORNTON, J.:

Defendant was convicted on an information of the crime
of robbery. Before pleading, a motion was made by his
counsel to set aside the information, on the ground that be-
fore the filing thereof the defendant had not been legally
committed by a magistrate. (See Pen. C., § 995.) The
Court denied the motion, and defendant excepted. The sole
question presented on this appeal is, whether the defendant
had been legally committed upon the preliminary examina-
tion required by law.

It appears, from a bill of exceptions found in the record,
that on the twenty-ninth day of November, 1880, a com-
plaint sworn to before R. B. Buckner, a Justice of the Peace
for Santa Clara County, by William Peacock, was filed with
the Justice aforesaid, charging John Doe with the crime of
robbery of the sum of five dollars in gold coin of the United
States, then being the property of the affiant, from the affi-
ant's person; that on the same day, the same Justice issued

his warrant in proper form for the arrest of John Doe and that he be brought before him forthwith. This warrant was delivered to one Haskell, a policeman, who arrested the defendant and brought him before the Justice on the thirtieth of November, 1880. The bill of exceptions further shows that the magistrate made the indorsement on the complaint aforementioned required by Section 872 of the Penal Code. In this indorsement the Justice styled the complaint a deposition.

According to the provision of Section 8, Article i, of the Constitution, the offense with which the defendant was charged could only be prosecuted by information, after examination and commitment by a magistrate, and it is contended in this case there was no such examination.

According to the provisions of the Penal Code, a person, when arrested on a charge of having committed a public offense, must be examined before a magistrate. (See Penal Code, §§ 858–863.) The same Code also prescribes the manner in which the examination must be conducted. (§§ 864, 865, etc.)

It is provided by Section 869, as to this examination, that " the testimony of each witness, *in cases of homicide*, must be reduced to writing as a deposition, by the magistrate or under his direction, and, *in other cases*, upon the demand of the prosecuting attorney, or the defendant or his counsel." The same section prescribes the manner in which the deposition shall be taken, when the testimony is in that form. This is the only requirement as to the reduction of the testimony to writing.

By Section 872 of same Code it is provided, that when " it appears from the examination that a public offense has been committed, and there is sufficient cause to believe the defendant guilty thereof, the magistrate must make or indorse on the deposition an order signed by him to the following effect: " It appearing to me that the offense in the within deposition mentioned (or any offense, according to the fact), stating generally the nature thereof, has been committed, and that there is sufficient cause to believe the within-named A. B. guilty thereof, I order that he be held to answer to the same, and committed to the Sheriff of the county of ———."

The indorsement made on the complaint, styled a deposition by the Justice in this case, is substantially in accordance with the requirements of the section above quoted.

It does not appear that any deposition was taken in writing, for the reason, as we have no doubt, that it was not demanded by the prosecuting attorney, or by the defendant or his counsel. It does not appear that any such demand was made. Under these circumstances, it was impossible for the Justice to make or indorse the order on the deposition. We must presume that the examination was had before the Justice, in accordance with the rule that public officers must be presumed to have performed their duty as required by law, until the contrary appears. It does not appear that the Justice did not comply with the law, and have the examination required by law. There being no deposition in writing, we can not see that there was any fault or irregularity in making and indorsing the order on the complaint, as was done in this case.

It follows from this that there was no error in the ruling of the Court below, and that the judgment must be and is hereby affirmed.

SHARPSTEIN, J., and MORRISON, C. J., concurred.