[No. 10,638.—In Bank.]

# THE PEOPLE v. JOSEF RICAUD DE SILVERA.

IRRELEVANT INSTRUCTION—IMMATERIAL ERROR.—Upon the trial of an information for murder, the evidence showed that the homicide was committed with a pistol, and there was no testimony in the case tending to show that death was caused in any other manner; but the Court instructed the jury as follows: "If you believe from the evidence and beyond all reasonable doubt that such murder was perpetrated by means of poison, it is murder of the first degree; or if it was perpetrated by torture, it is murder of the first degree; or if it was perpetrated by lying in wait, it is murder of the first degree; * * * or if such murder was committed in perpetrating, or attempting to perpetrate arson, or rape, or robbery, or burglary, or mayhem, it is murder of the first degree; *and you will so find."*
*Held:* Since there was no testimony tending to show that deceased came to her death by any of the means mentioned in the foregoing extract from the charge, it may be assumed, taking that portion of the charge alone and unconnected with the context, that it was erroneous. But it must be considered in the connection in which it was given to the jury; and thus considered, it is apparent that no injury could have resulted to the defendant therefrom.

APPEAL from a judgment of conviction, and from an order denying a motion in arrest of judgment, and from an order denying a new trial in the Superior Court of Kern County. BRUNDAGE, J.

*Delos Lake* and *J. M. Verdenal*, for Appellant.

It is error to charge upon a supposed state of facts, or as to matters of fact about which there is no evidence. (*Galena and Chicago and Union R. R. Cos.* v. *Jacobs,* 20 Ill. 485; *Hanks* v. *Naglee,* 54 Cal. 51; *United States* v. *Breitling,* 20 How. 252; *Michigan Bank* v. *Eldred,* 9 Wall. 553; *Hewitt* v. *Begole,* 22 Mich. 31; *Improvement Co.* v. *Munson,* 14 Wall. 442–447.)

There being no evidence tending to prove that the homicide was committed by lying in wait, or by poison, or by torture, or while in the commission of rape, burglary, arson, or robbery, it was error for the Judge to leave it to the jury to find the defendant guilty of murder in the first degree if the jury should find that the homicide was committed in any or either of those modes. (*Hopkins* v. *Fowler,* 39 Me. 568.)

A. L. *Hart*, Attorney General, for Respondent.

ROSS, J.:

The information charged the defendant with the crime of murder, committed in the killing of one Anna de Silvera, with malice aforethought, by shooting her with a pistol. The evidence showed that the homicide was committed by shooting with a pistol, and there was no testimony in the case tending to show that death was caused in any other manner. The sole point relied on by the appellant for a reversal of the judgment, which fixes the death penalty, is that, in charging the jury, the Judge below used this language:

"If you believe from the evidence, and beyond all reasonable doubt, that such murder was perpetrated by means of poison, it is murder of the first degree; or if it was perpetrated by torture, it is murder of the first degree; or if it was perpetrated by lying in wait, it is murder of the first degree; * * * or if such murder was committed in perpetrating, or attempting to perpetrate, arson, or rape, or robbery, or burglary, or mayhem, it is murder of the first degree; and you will so find."

Since there was no testimony tending to show that deceased came to her death by any of the means mentioned in the foregoing extract from the charge, it may be assumed—taking that portion of the charge alone, and unconnected with the context—that it was erroneous. But it must be considered in the connection in which it was given to the jury, and if it should then appear that no injury could have resulted to the defendant therefrom, we ought not to reverse the judgment.

The language objected to will be found in the following portion of the charge of the Court:

"5. Murder is the unlawful killing of a human being, with malice aforethought. Malice may be expressed or implied. It is expressed where there is manifested a deliberate intention unlawfully to take away the life of a fellow-creature. It is implied when no considerable provocation appears or when the circumstances attending the killing show an abandoned and malignant heart. All murder which is perpetrated by means of poison, or lying in wait, torture, or by any other

kind of willful, deliberate, and premeditated killing, or which is committed in the perpetration, or attempt to perpetrate, arson, rape, robbery, burglary, and mayhem, is murder in the first degree, and all other kinds of murder are of the second degree. In order, therefore, to find the defendant guilty of murder in the first degree, you must be convinced beyond a reasonable doubt that the defendant, Joseph Ricaud de Silvera, unlawfully and with malice aforethought killed the deceased, Anna de Silvera, either by means of poison, or by lying in wait, or by torture, or by some other kind of willful, deliberate, and premeditated killing, or in the perpetration, or in attempting to perpetrate, arson, rape, robbery, burglary, or mayhem. If you believe, from the evidence, beyond a reasonable doubt, that the defendant, Joseph Ricaud de Silvera, unlawfully, and with malice aforethought, killed the said deceased, you will find him guilty of murder, and then proceed to determine whether it is murder of the first degree, or murder of the second degree; and if you believe from the evidence, and beyond all reasonable doubt, that such murder was perpetrated by means of poison, it is murder of the first degree; or if it was perpetrated by torture, it is murder of the first degree; or if it was perpetrated by lying in wait, it is murder of the first degree; or if it was perpetrated by any other kind of willful, deliberate, and premeditated killing, it is murder of the first degree; or if such murder was committed in perpetrating, or attempting to perpetrate, arson, or rape, or robbery, or burglary, or mayhem, it is murder of the first degree, and you will so find.

"The chief difference which distinguishes murder of the first degree from murder of the second degree, consists in the presence or absence of a willful, deliberate, and premeditated intent to kill. If the jury find the defendant guilty of murder, and also find that the murder was not committed by means of poison, nor by torture, nor by lying in wait, nor in the perpetration, or attempt to perpetrate, arson, rape, robbery, burglary, or mayhem, the next question to be determined is: Was the murder accompanied with a deliberate and clear intent to take life? In order to constitute murder of the first degree the intent to kill must be the result of deliberate premeditation. It must be formed upon a pre-existing reflection,

and not upon a sudden heat of passion sufficient to preclude the idea of deliberation.

"There need be no appreciable space of time between the intention to kill and the act of killing—they may be as instantaneous as successive thoughts of the mind. If the act of killing be preceded by a concurrence of will, deliberation, and premeditation on the part of the slayer, the killing is murder of the first degree, no matter how rapidly these acts of mind may have succeeded each other, or how quickly they may be followed by the act of killing.

"But if you find the defendant guilty of murder, and still are not convinced beyond all reasonable doubt, that such murder was accompanied or characterized by some one of the circumstances just explained as indicative of murder of the first degree, you can find him guilty of murder of the second degree only.

"If you find the defendant guilty of murder of the first degree, you have the discretion to determine the nature of his punishment, and if, in your sound judgment and discretion, there is any fact or circumstance in the case which ought to mitigate the extreme penalty of death, you will, by your verdict, indicate the same; but if you find no such mitigation in the facts of the case, and think the death penalty should be inflicted, you will simply find him guilty of murder of the first degree."

After giving to this charge a careful consideration, we are of opinion that no injury could have resulted to the defendant from the use of the language objected to.

Judgment and order affirmed.

SHARPSTEIN, MYRICK, THORNTON, and McKINSTRY, JJ., and MORRISON, C. J., concurred.