[No. 10,760.—In Bank.]
November 28, 1882.

## THE PEOPLE *v.* YE PARK.

ASSAULT TO COMMIT MURDER—MERETRICIOUS UNION—INSTRUCTION.—The defendant was charged with an assault upon Chung Tan, with intent to commit murder. On the trial the Court instructed the jury that if they found that the defendant and one Toy Ping were living together as man and wife, in meretricious union, that such union, as a matter of law, would not be sufficient to give the defendant the right or power to control or restrain the acts and liberty or power of locomotion of said Toy Ping; that in such union either the man or woman has perfect right to go and come as he or she pleases, unrestrained by the other; and it was claimed on appeal, that there was no evidence that the defendant and said Toy Ping were living together in meretricious union, and therefore that it was error for the Court to state what their relative rights would be in such a case.

*Held:* That the instruction was as to an irrelevant and immaterial fact and could have had no tendency to prejudice the defendant.

ID.—DEFINITION—INSTRUCTIONS.—The Court charged the jury that the Supreme Court of this State had said that assault to commit murder is the attempt to kill a person, coupled with the present ability to do so, but, in another instruction, given at the request of the defendant, gave a correct and full definition of the crime.

*Held:* The first instruction was erroneous, in not containing a full definition of the crime, but that it was supplemented by the latter and the error cured.

ID.—ID.—QUESTION OF LAW.—The Court instructed the jury that a conflict of testimony on immaterial questions should not be considered by them, without telling the jury what questions were immaterial; and it was objected on appeal that the instruction left to the jury the question as to what was or was not an immaterial issue or question; it was a question of law for the Court and not for the jury to determine.

*Held:* Conceding the question was one of law the Court is not prepared to say that it was submitted by the instruction to the jury.

ID.—ID.—The Court, upon the request of the defendant, instructed the jury: "Before you can find the defendant guilty of the charge laid in the information, you must be convinced beyond a reasonable doubt by the evidence produced on the part of the prosecution, that the defendant in this case, with premeditation and malice aforethought, made the assault upon Chung Tan with the intention then and there to murder him;" and then added the following: "Two elements for your consideration on this point are the character of the weapon and the nature of the wound." *Held:* There was no error in the additional clause.

ID.—ID.—JUSTIFICATION.—The Court refused to instruct the jury at the request of the defendant as follows: "If you believe from all the evidence that the circumstances were such as to excite the fears of a reasonable man, and the defendant in this action acted under such fears when he made the assault upon Chung Tan, even though the defendant was mistaken in the circumstances and they turned out to be false, you will acquit him."

*Held:* In order to justify homicide under the circumstances stated, the circumstances must not only be sufficient to excite the fears of a reasonable person, but the party killing must have acted under the impulse of such fears alone.

ID.—ID.—FLIGHT.—The Court instructed the jury: "If you believe from the testimony that defendant had sufficient cause, from the conduct of Chung Tan, to believe that he, the defendant, was in imminent danger of his life or of great bodily harm from Chung Tan, then the defendant had a right to use all lawful means to secure his own safety; *but if the testimony shows that the defendant could have more readily avoided danger to himself by flight than in any other way, then an assault by him is not justifiable.*

*Held:* The exception of the defendant to the portion of the instruction italicized is well taken.

ID.—ID.—ID.—FELONIOUS ASSAULT.—Where an attack is made with murderous intent, the person attacked is under no obligation to flee. He may stand his ground, and, if necessary, kill his adversary. It is otherwise in cases of mere assault and in cases of mutual quarrel, where the attacking party has not the purpose of murder in his heart.

APPEAL from a judgment of conviction and from an order denying a new trial in the Superior Court of the County of Mono. WIGGINS, J.

*Bennett & Reddy,* for Appellant.

*A. L. Hart,* Attorney General, for Respondents.

SHARPSTEIN, J.:

The first ground upon which it is contended that this judgment should be reversed is, that the Court erred in instructing the jury that if they found that the defendant and one Toy Ping were living together "as man and wife in meretricious union, that such union as a matter of law would not be sufficient to give defendant the right or power to control or restrain the acts and liberty or power of locomotion of said Toy Ping; that in such a union either the man or woman has a perfect right to go and come as he or she pleases, unrestrained by the other." As an abstract proposition the correctness of what the Court said is not disputed. But the defendant's counsel insists that there was no evidence that the defendant and said Toy Ping were living together "in a meretricious union," and, therefore, it was error for the Court to state what their relative rights would be in case the jury should find that they were so living together. And it is claimed that the defendant's case might have been prejudiced by instructions which were apparently based upon the assumption that there was evidence which, at least, tended to prove that such a union had existed between the defendant and said Toy Ping. As there was no such evidence, it is urged that the instructions were calculated to mislead the jury.

If the defendant would have had "the right or power to control or restrain the acts and liberty or power of locomotion of said Toy Ping," if they had not been living together in a meretricious union, we could readily see that the jury might have been misled by the instructions referred to in this connection. But we do not understand that if the parties had not been living together in a *meretricious* union, that either would have had the right or power "to control or restrain the acts and liberty or power of locomotion" of the other, and, therefore, can not see that the jury could have been misled by said instructions.

The Court, doubtless, erred in charging the jury "that the Supreme Court of this State" had said "that assault to commit murder is the attempt to kill a person, coupled with the present ability to do so." That instruction does not contain a full definition of the crime with which the defendant was

charged, but the Court, in another instruction given at the request of the defendant's counsel, did give a correct and full definition of that crime. We think that the latter supplemented the former, and cured the error complained of.

The instruction "that a conflict of testimony on immaterial questions should not be considered" by them without telling the jury what questions were immaterial, is objected to on the ground that it "left to the jury the question as to what was or was not an immaterial issue or question," which was a question of law for the Court and not for the jury to determine. Conceding that the question was one of law, we are not prepared to say that the Court submitted such question to the jury.

The Court was requested by the defendant to give, and did give the following instruction: "Before you can find the defendant guilty of the charge laid in the information, you must be convinced beyond a reasonable doubt by the evidence produced on the part of the prosecution, that the defendant in this case, with premeditation and malice aforethought, made the assault upon Chung Tan with the intention then and there to murder him;" and then added the following: "Two elements for your consideration on this point are the character of the weapon and the nature of the wound."

It is claimed by defendant's counsel that the jury might have been misled by the addition of this clause to the instruction which he requested the Court to give. We do not think so. Nor can we see that it would be improper for the jury to consider the two elements mentioned by the Court while deliberating upon the questions of premeditation, malice aforethought, and intent to murder.

We do not think that the Court erred in refusing to give the following instruction asked by the defendant: "If you believe from all the evidence that the circumstances were such as to excite the fears of a reasonable man, and the defendant in this action acted under such fears when he made the assault upon Chung Tan, even though the defendant was mistaken in the circumstances, and they turned out to be false, you will acquit him." In order to justify a homicide under the circumstances stated, the circumstances must not only be sufficient to excite the fears of a reasonable person,

but "the party killing must have acted under the influence of such fears *alone.*"

Another instruction to which exception is taken reads as follows: "If you believe from the testimony that defendant had sufficient cause, from the conduct of Chung Tan, to believe that he, the defendant, was in imminent danger of his life, or of great bodily harm from Chung Tan, then the defendant had a right to use all lawful means to secure his own safety; *but if the testimony shows that the defendant could have more readily avoided danger to himself by flight than in any other way, then an assault by him is not justifiable.*" The defendant excepts to the portion of the instruction which we have italicized, and we think that the exception is well taken.

"Where an attack is made with murderous intent, the person attacked is under no obligation to fly; he may stand his ground, and, if necessary, kill his adversary." (Bishop's Criminal Law, 850.) It is otherwise in case of mere assault and cases of mutual quarrel, where the attacking party has not the purpose of murder in his heart. (Id.) Assuming, however, as the Court did in this instance, that the defendant had sufficient cause from the conduct of Chung Tan to believe that he, the defendant, was in imminent danger of his life or great bodily harm from Chung Tan, it was not incumbent on the defendant to fly for safety, even if he might more readily have secured it by flight than by standing his ground, and, if necessary, killing his adversary.

This entire instruction is extremely faulty. The jury, in one part of it, is, in effect, told that a man in defense of his life has "a right to use all *lawful means* to secure his own safety;" but the jury was not informed as to what would be *lawful* means under such circumstances, although the jury might have inferred from the language of the Court that if the defendant could not have saved his life by flight *an assault* would be justifiable. But whether the Court meant a simple assault, or a more serious one, does not appear. The right of self-defense is quite as sacred as any other, and assuming that the defendant was placed in the position which, for the purposes of this instruction, he was assumed to be in, the instruction, as a whole, does not fully state his rights, and

was calculated to mislead the jury as to them.   For this error the judgment and order denying the motion for a new trial must be reversed.

Judgment and order reversed, and cause remanded for a new trial.

McKINSTRY, ROSS, and McKEE, JJ., concurred.