### CHARLES WINCHESTER v. ROBERT KING.

*Weight of evidence—Questions on error.*

The weight and effect of evidence is for the jury to decide.

On error a question not raised below cannot be raised in the Supreme Court.

Error to Bay. Submitted April 18. Decided April 25.

REPLEVIN. Winchester had made a written contract with King to keep him supplied .for two years with a stock of goods which King was to pay him for at an advance of twenty-five per cent. on the invoice price; besides keeping the goods insured for Winchester's benefit. The contract also provided that the ownership of the goods should remain in Winchester until they were wholly paid for. The contract was made for Winchester by his agent, Mr. Loud, and signed for him by Loud's attorney, Mr. Gay. King did not have the goods insured and gave a chattel mortgage on them to a stranger, whereon Winchester seized them on the writ of replevin. King testified in his own defence that Gay had had a conversation with him, the effect of which was to do away with the contract and to make a new arrangement under which the goods then on hand were sold to him absolutely. Defendant had judgment on the verdict of the jury. Affirmed.

*A. McDonell* for appellant.

*Hatch & Cooley* for appellee.

MARSTON, J. Two questions are raised in this case. *First*, did the court err in submitting the case to the jury? We think not. The evidence tended to sustain the defendant's theory, and within the rule laid down in *Conely v. McDonald* 40 Mich. 150, the weight and effect thereof were for the jury. *Second*, did Mr. Gay have authority to act in the premises? There is some evidence tending to show that at one time he acted as agent and this does not seem to have been changed; besides no such question was raised on the trial, and it is too late to raise it here for the first time. *Perrott v. Shearer* 17 Mich. 48.

The judgment must be affirmed with costs.

CAMPBELL and COOLEY, JJ. concurred.