## HENRY C. SPALDING v. JUSTUS LOWE.

*Malicious prosecution—Perjury—Justice's memoranda of testimony—Weight of evidence—Probable cause—Nolle prosequi—Intent.*

1. A person against whom criminal proceedings were instituted for perjury alleged to have been committed by him in a case to which he was a party in justice's court, sued for malicious prosecution. In this suit the justice was produced as a witness for plaintiff and testified that he could not recollect all that was sworn to before him, but had some portion of it minuted down. *Held*, that he could produce his memoranda, after testifying that they were made at the time the testimony was given, and were correct.

But such memoranda are not conclusive as to the facts sworn to, and are entitled to no more weight than the testimony of the witness would have if he were testifying from recollection; the weight of the evidence is for the jury, who must also decide whether the memoranda were correctly made and what they tend to prove.

2. A trial judge may instruct the jury as to the weight that belongs to different classes of evidence, but not as to that of specific testimony or particular witnesses. Nor can he state whether evidence is sufficient to prove a fact, except where he merely gives a rule of law that fixes what is required.

3. The conclusion reached by a justice upon examination in a criminal proceeding as to whether there is probable cause for commitment, is not final upon that question.

4. The journal entry of an order in a criminal proceeding that "the prosecuting attorney filing reasons therefor," "he have leave not to file an information" is conclusive that he has filed reasons and that the prosecution is at an end. He does not have to have leave to file reasons. How. Stat. § 9553.

5. Defendant in an action for malicious prosecution may testify whether, when he made the complaint upon which proceedings were instituted against the plaintiff, he believed it to be true. Such belief, however, is a question for the jury, and defendant's testimony has no more weight than that of any other witness.

6. Plaintiff in an action for malicious prosecution must show that the proceeding on which it was based was begun maliciously and without probable cause; defendant may show the contrary by his own testimony.

7. The mere belief of a person making a criminal complaint, that it is true, does not alone justify a prosecution thereunder; it must rest on reasonable grounds and on such facts as would lead a person of ordinary caution to honestly suspect the accused of guilt.

8. Where intent or motive is involved in the issue, the rule in Michigan is that the person to whom it is imputed is competent to testify thereon unless his testimony would be excluded by statute or by some principle of evidence.

Error to Lenawee. (Joslyn, J.) January 30.—April 15.

CASE. Defendant brings error. Reversed.

*Seth Bean* and *V. H. Lane* for appellant. A memorandum of a justice, if put in evidence, must be construed by the court: *Battershall v. Stephens* 34 Mich. 68; an action for malicious prosecution will not lie until the prosecution has been determined by verdict or has been discharged by final order: Cooley on Torts 186; *Stanton v. Hart* 27 Mich. 539; defendant in such action is competent to say whether he instituted the prosecution with a belief in probable cause: *Beebe v. Knapp* 28 Mich. 65; *McKown v. Hunter* 30 N. Y.

627; *Hamilton v. Smith* 39 Mich. 226; *Hill v. Taylor* 50 Mich. 551; *Sherburne v. Rodman* 51 Wis. 479.

*C. A. Stacy* for appellee. An action for malicious prosecution lies when the prosecution comes to an end, no matter how, so long as it terminated in the plaintiff's favor: *Stewart v. Sonneborn* 98 U. S. 187; *Winn v. Peckham* 42 Wis. 493; *O'Brien v. Barry* 106 Mass. 300; termination by nolle prosequi is sufficient: *Brown v. Randall* 36 Conn. 56; *Hatch v. Cohen* 84 N. C. 602; or if the suit is ended for want of further prosecution: *Cardival v. Smith* 109 Mass. 158; *Schoonover v. Myers* 28 Ill. 308; *Graves v. Dawson* 130 Mass. 78; *Gilbert v. Emmons* 42 Ill. 143; *Dennis v. Ryan* 65 N. Y. 385; *Pratt v. Page* 18 Wis. 337; *Sutton v. McConnell* 46 Wis. 269; mere conjecture or suspicion is not probable cause, but the facts must be such as would induce an impartial and reasonable mind to believe in the guilt of the accused: *Stone v. Stevens* 12 Conn. 219; *Galloway v. Stewart* 49 Ind. 156; mere belief of the prosecutor is no evidence of probable cause: *Winebiddle v. Porterfield* 9 Penn. St. 137; *Tefft v. Windsor* 17 Mich. 486; *Patterson v. Garlock* 39 Mich. 447; if he misrepresents the case to counsel the latter's advice is no defense, and if he does not act bona fide under the advice he has received, and does not believe that there is cause of prosecution, he is not protected and the bona fides of his conduct is a question of fact: *Wills v. Noyes* 12 Pick. 324; *Wilder v. Holden* 24 Pick. 11; *Chandler v. McPherson* 11 Ala. 919.

CHAMPLIN, J. This is an action for malicious prosecution. The defendant made a complaint against plaintiff, charging him with having committed the crime of perjury. A warrant was issued on the 5th of February, 1880, on which the defendant was arrested and brought before a justice of the peace, and after several adjournments on the application of the People, a hearing was had, and upon such examination the defendant was held to answer the charge in the circuit court. He entered into a recognizance for his appearance at the May term, 1880. Nothing further was done towards prosecuting him, and at the December term the prosecuting attorney obtained leave of court not to file an information. Plaintiff then brought this action for a malicious prosecution, and recovered. Defendant alleges error.

In the fall of 1878 plaintiff was engaged by one Jay J. Lowe, a son of defendant, to thresh his wheat with a machine. The son being sick, defendant was requested by him to look after the threshing, and he did so. Defendant, with an assistant, was taking care of the wheat as it came from the mill. He claimed that the machine was throwing the wheat over into the straw and wasting it, and he threw the belt from the straw-carrier to compel plaintiff to remedy the defect, which not being done, he claims that he directed Login Lowe, who was on the straw-stack at the end of the carrier, to stop it. This Login did by thrusting his pitchfork between the raddles of the carrier. The raddles were fastened to leather bands by rivets at the ends. Plaintiff claimed that the fork broke one or more raddles in two, and broke out twelve others by forcing the rivets through the leather. He sued the defendant in trespass before Justice Manley for the damage done to the carrier, and recovered $1.32 damages. In that suit the plaintiff was a witness in his own behalf, and afterwards defendant made complaint before S. Harvey Merritt, a justice of the peace, against the plaintiff for the crime of perjury. He alleged in the complaint that Spalding testified that "he saw the man on the stack run his fork into the upper end of said straw-carrier and stop the machine, and by so doing he then and there broke out fourteen raddle-sticks from the straw-carrier; whereas, in truth and in fact, this complainant says there were not fourteen raddle-sticks on said straw-carrier as aforesaid broken, nor any such number of raddle-sticks on said straw-carrier as aforesaid broken ; but instead, there was not to exceed one raddle-stick on said straw-carrier broken out as aforesaid." This is the only allegation of false swearing contained in the complaint, and is confined to the number of raddles broken out.

Upon the trial at the circuit of the present case the plaintiff produced Nathan Manley as a witness. He was a justice of the peace before whom the trespass suit was tried, and in which it was charged by defendant that plaintiff committed the crime of perjury. He testified : "I can't recollect all of Spalding's testimony with respect to what he swore to with

regard to the injury to the machine, the straw-carrier, and the raddles, at the time he was threshing for Jay J. Lowe. I have some portion of it minuted down ; I have the memorandum here. The memorandum was made as the testimony was being delivered." Here the counsel for plaintiff asked the witness to read what he had upon the subject, to which the counsel for defendant objected, as incompetent and immaterial. The objection was overruled and exception taken. The witness then read from the memorandum as follows : "Spalding said that he did not see the injury done to the machine. He said : 'I never saw this defendant stop the machine. I never saw this defendant jab his fork in the straw-carrier. I did not see this defendant break any slats from the carrier.'" He further testified : "That was Spalding's testimony in his own behalf, and all my minutes show of it on that subject." And again : "The statements I had down there are correct. He made the statements I have down there at the time he was sworn as a witness."

The exception taken above was good when noted, but the error was removed by the subsequent testimony of the witness. Taking his evidence altogether, the case is brought directly within the decision of this Court in *Fisher v. Kyle* 27 Mich. 454. When it was shown that the memorandum was made at the time, and that it was correctly made, it was competent evidence to be read to the jury. But its weight was no greater than should be accorded to the evidence of the witness if he was swearing from his personal recollection of what Mr. Spalding testified to on the former trial. The memoranda were not conclusive of the facts therein stated. Whether they were correctly made, and what they proved or tended to prove, were questions for the jury to pass upon in the same manner as if the witness was testifying from present personal recollection. Such memoranda are not governed by the rules relating to written evidence. Their construction or meaning is not for the court to pass upon, but the jury, as well as the weight or convincing effect such testimony should have upon the minds of the jury. The learned judge who presided at the trial of this cause fell into an error

when he gave the following instruction to the jury: "I say, gentlemen of the jury, if you believe from the evidence that Justice Manley did make such a memorandum at the time, then such memorandum is stronger and better and more weighty evidence in this case, than the independent recollection of the witnesses, on the same theory that a writing cannot lie."

The jury might fully believe that Justice Manley made the memorandum, and still not be satisfied that the memorandum contained an accurate statement of what Spalding testified to before him. As a general rule, it is improper for the trial judge to instruct the jury that the evidence of one witness is deserving of more weight than that of another. In doing so he invades the province of the jury, whose function it is to determine from the evidence whether any fact in issue is sufficiently proved or not, except in those cases where the law has declared what shall be sufficient evidence of a fact; and in those cases he simply declares the rule of law. He may however define the weight which the law attaches to a whole class of testimony,—for instance, that of accomplices,—but he may not single out certain testimony and tell the jury it is entitled to much or little weight. *People v. Lyons* 49 Mich. 78; *Com. v. Larrabee* 99 Mass. 415; *State v. Hundley* 46 Mo. 422; *Blackwood v. Brown* 32 Mich. 107; *Hall v. People* 39 Mich. 717; *Perrott v. Shearer* 17 Mich. 48; *Knowles v. People* 15 Mich. 412; *Winchester v. King* 48 Mich. 280.

This error will necessitate an order for a new trial. It is proper, however, to consider the second and third requests of defendant to charge the jury, which were refused by the court, as those points will undoubtedly arise upon a re-trial, and if well taken dispose of the plaintiff's case. These requests were as follows:

(2.) It appears from the proofs in this case that an examination was had upon the charge made against Spalding, and that the justice upon such examination determined that this offense charged against Spalding had been committed, and that there was probable cause to believe the said Spalding guilty thereof. This was a judicial determination the justice was authorized to make, and unless such action and deter-

mination · of the justice was corrupt or collusive, or was wrongfully procured by the defendant here, Justus Lowe, it is final as. to the question of probable cause, and your verdict should be for the defendant.

(3.)   Unless reasons were actually filed in writing by the prosecuting attorney, the prosecution was not so at an end as to authorize the commencement of this suit, and your verdict should be for the defendant."

Both of these requests were rightly refused.   No authority has been produced in support of the second request, and we think none exists.   *Hamilton v. People* 29 Mich. 173, 176 ; *People v. Lynch* 29 Mich. 274, 279.

With reference to the third request, the record before us shows that the following journal entry was introduced in evidence :

" *The People v. Henry C. Spalding,* Dec. 7, 1880.   In this cause, the prosecuting attorney filing reasons therefor, it is ordered that he have leave not to file an information."

The defendant contends that this is not such a final order as would prevent a further prosecution of the suit without a new complaint.

How. Stat. § 9553 enacts that

" It shall be the duty of the prosecuting attorney of the proper county to inquire into and make full examination of all the facts and circumstances connected with any case of preliminary examination, as provided by law, touching the commission of any offense whereon the offender shall be committed to jail, or become recognized or held to bail ; and if the prosecuting attorney shall determine, in any such case, that an information ought not to be filed, he shall make, subscribe and file with the clerk of the court a statement, in writing, containing his reasons, in fact and in law, for not filing an information in such case, and that such statement shall be filed at and during the term of the court at which the offender shall be held for appearance : provided, that in such case such court may examine said statement, together with the evidence filed in the case, and if, upon such examination, the court shall not be satisfied with said statement, the prosecuting attorney shall be directed by the court to file the proper information, and bring the case to trial."

The statute does not require the prosecuting officer to obtain leave of court to permit him to file his reasons for not filing an information. The record introduced in evidence shows the action of the court based upon the reasons filed, and was a proper entry to be made when the court is satisfied with the reasons stated by the prosecuting attorney. It is conclusive both upon the fact that the prosecuting attorney had filed his reasons therefor and that the prosecution was at an end.

The defendant was examined as a witness in his own behalf at the trial, and the following questions were asked by his counsel, namely: "State as to whether, when you made that complaint, you believed it to be true." "State whether, when at the time you made this complaint before Esquire Merritt, you believed it to be true." To both of which counsel for plaintiff objected, for the reason that his belief in the truth of the complaint was a question for the jury. The court sustained the objection and excluded the evidence.

It was incumbent upon the plaintiff to establish by competent evidence that the proceeding before the justice was instituted by the defendant without any probable cause, and that his motive for instituting the prosecution was malicious. Whatever the plaintiff must prove, the defendant may disprove. He may show that he was not actuated by malice, and also that there was probable cause. One of the pertinent facts to show the existence of probable cause was the belief of the defendant that the crime charged in the complaint was true. It also had a bearing upon the question of malice. The defendant was entitled to prove that he believed the complaint to be true when he made it, and he was a competent witness to testify to it in his own behalf. His so testifying would not necessarily establish the fact that he did believe the complaint to be true. The jury must determine that from all the evidence, and they are to give to defendant's testimony such weight as they think it deserves, like that of any other witness. Mere belief, however, of the truth of the complaint, although an element embraced in the issue of probable cause, would not be sufficient of itself

to justify a party in instituting a criminal prosecution. Such belief must rest upon reasonable grounds, and be induced by such a state of facts as would lead a man of ordinary prudence and caution to entertain an honest and strong suspicion that the accused is guilty of the offense charged.

It has become the settled law in this State that in cases. where intent or motive are involved in the issue, the person to whom such intent or motive is imputed is a competent witness to testify in regard thereto (*Watkins v. Wallace* 19 Mich. 57), unless he is rendered incompetent by some statutory inhibition, or where such testimony would be excluded by other well-recognized principles of the law of evidence.

The judgment must be reversed and a new trial granted.

The other Justices concurred.