## JOSEPH ROSS v. JAMES HIXON.

MALICIOUS PROSECUTION—*Probable Cause—Finding.* The finding of an examining magistrate that "an offense had been committed, and that there was probable cause to believe the defendant guilty thereof," is only *prima facie* evidence of probable cause in an action for malicious prosecution brought by such defendant against the prosecuting witness.

*Error from Bourbon District Court.*

ACTION to recover damages for malicious prosecution. Judgment for defendant, *Hixon,* at the May term, 1888. The

plaintiff, *Ross*, brings the case here. The facts appear in the opinion.

*Hulett & Fletcher*, for plaintiff in error.

*Hill & Chenault*, for defendant in error.

Opinion by SIMPSON, C.: On the 17th day of January, 1887, Hixon filed an affidavit before a justice of the peace in Bourbon county, charging Ross with having mixed certain poison with a quantity of flour, with the intent and for the purpose of causing the death of certain persons. Upon said complaint a warrant was issued, and Ross was arrested. A preliminary trial was had on the 4th of February before the justice who issued the warrant. At the preliminary examination 12 witnesses were examined for the state, and seven for the defendant. After the hearing of all the evidence, the justice bound Ross to appear at the district court and answer the charge. He failed to give bond and was committed to jail. The finding of the justice was as follows:

"After hearing the evidence, I find that said offense has been committed, and that there is probable cause to believe the defendant guilty thereof."

Ross was in jail from the 17th day of January, 1887, until May 2, 1887. On the latter date, the district court of Bourbon county being in session, the county attorney filed a statement showing cause for non-prosecution, and Ross was discharged. On the 8th day of August, 1887, he commenced this action for malicious prosecution against James Hixon, the prosecuting witness. A trial was had at the May term, 1888. The plaintiff in error offered evidence showing the proceedings before the justice of the peace on the criminal charge, and tending to prove every material allegation in such an action. When the plaintiff rested, the defendant, Hixon, introduced a large number of witnesses, when he was interrupted by the court, the trial was stopped, and a verdict was ordered for the defendant. The jury returned a verdict for the defendant, and a motion for a new trial was overruled. The

record itself discloses no reason for the ruling of the court, but counsel agree that the reason assigned by the trial court was, that the examining magistrate had made a finding of probable cause, and that such finding was conclusive upon that question. It is further claimed by counsel for the defendant in error that the trial court made the further statement:

"That, as the petition does not charge fraud or undue means in obtaining the finding of probable cause by the magistrate, the same cannot be attacked."

The sole question discussed in the oral argument of counsel for defendant in error, and the briefs on both sides, is as to the weight to be given to the finding of the examining magistrate; as to whether it is *prima facie* or conclusive on the question of probable cause; and whether or not, in either case, the finding must be attacked for fraud or undue means by proper allegations in the petition. In the case of *Sweeney v. Perney*, 40 Kas. 102, this court incidentally noticed the conflict in authorities as to whether or not proof of arrest, committal and indictment is *prima facie* proof of probable cause; and the case of *Ricord v. C. P. Rld. Co.*, 15 Nev. 167, was cited on one side, and that of *Womack v. Circle*, 29 Gratt. 192, on the other. The question in this case is closely allied to this controversy, but authorities can be found on both sides of this question. In the case of *Bauer v. Clay*, 8 Kas. 389, Mr. Justice VALENTINE says:

"The proof showing that the justice ordered that Clay should be bound over for his appearance at court, or, in default of bail, that he should be committed to the county jail, is only *prima facie*, and not conclusive, evidence of probable cause."

The cases of *Ash v. Marlow*, 20 Ohio, 119, and *Ewing v. Sanford*, 19 Ala. 605, are cited in support. The force of this decision is sought to be destroyed by counsel for defendant in error by an assertion that it is a *dictum*. It is sometimes difficult to draw the line between what is authoritative and what is not in a judicial opinion. The report of the case does not

give either the pleadings, the assignment of errors, or the
briefs, but it is evident that the question was necessarily in-
volved in the rulings of the trial court, and this court thought
it necessary to give this as one of the reasons for affirmance of
the judgment below, because, if counsel for defendant in error
are now right in their contention, Clay had no cause of action,
and the case was decided wrongfully in both the trial and the
appellate courts.   However the rule may be in cases in which
the magistrates have jurisdiction to hear and pass judgment,
we are satisfied that the case of *Bauer v. Clay* states the true
rule in cases in which the magistrates have only power to bind
over.    This rule is upheld by the cases of *Ash v. Marlow*, 20
Ohio, 119; *Ewing v. Sanford*, 19 Ala. 605; *Raleigh v. Cook*,
60 Tex. 438; *Ricord v. C. P. Rld. Co.*, 15 Nev. 167; *Hale
v. Boylen*, 22 W. Va. 234; *Bacon v. Towne*, 4 Cush. (Mass.)
217; *Spalding v. Lowe*, 56 Mich. 366; *Ganea v. S. P. Rld.
Co.*, 51 Cal. 140; *Diemer v. Herber*, 75 Cal. 287.    These are
all express adjudications on that particular question.    In one
of these cases, decided in 1885, being that of *Spalding v. Lowe*,
56 Mich. 366, the defendant requested the trial court to in-
struct the jury as follows:

"It appears from the proofs in this case that an examina-
tion was had upon the charge made against Spalding, and
that the justice, upon such examination, determined that this
offense charged against Spalding had been committed, and
that there was probable cause to believe said Spalding guilty
thereof.    This was a judicial determination the justice was
authorized to make, and unless such action and determination
of the justice was corrupt or collusive, or was wrongfully
procured by the defendant herein, it is final as to the question
of probable cause, and your verdict should be for the defend-
ant."

The trial court refused to so instruct the jury, and this re-
fusal was assigned as error in the supreme court; but that
court say (page 372): "No authority has been produced in
support of it, and we think none exists."    We have been una-
ble to find a reported case in which the rule is held as claimed
by counsel for defendant in error.    There are cases that so

hold when the magistrate has power to render a judgment of conviction.

How much weight as proof of probable cause shall be attributed to the judgment of a court in an original action when subsequently reversed for error, is elaborately discussed by the supreme court of the United States in the case of *Live-Stock Co. v. Butchers' Union*, 120 U. S. 141, a case much relied on by counsel for defendant in error. To our mind, however, the distinction between that case and the one at bar is plain and distinct. If the magistrate in Bourbon county had possessed the statutory power to hear the evidence and determine the guilt or innocence of the defendant, and to punish by fine and imprisonment if guilt was found, then his finding and judgment would come within the rule established by that case to be the law of the land. The question in this case is, how much weight, as proof of probable cause, shall be attributed to the finding of an examining magistrate that "an offense has been committed, and that there is probable cause to believe the defendant guilty thereof," when the defendant is subsequently discharged, the prosecution against him confessedly ended, and he has instituted a suit for malicious prosecution against the complaining witness? In the one case there is a solemn judgment, rendered by a court having full and complete jurisdiction both of the parties and subject-matter, binding on all until reversed on appeal or error. In the other case there is a finding in effect that sufficient facts have been developed that justifies a magistrate in sending the parties before a court competent to ultimately deal with the question of guilt or innocence.

Again, while a conviction is generally conclusive of probable cause, yet it may be overcome by a showing that it was procured by fraud, undue means, or the false testimony of the prosecution. (*Womack v. Circle*, 29 Gratt. 192; *Olson v. Neal*, 63 Iowa, 214; *Cloon v. Gerry*, 13 Gray, 201; *Whitney v. Peckham*, 15 Mass. 143; *Peck v. Choteau*, 91 Mo. 138; *Bowman v. Brown*, 52 Iowa, 437; *Palmer v. Avery*, 41 Barb. 290; *Richey v. McBean*, 17 Ill. 63; *Payson v. Caswell*, 22 Me. 212;

*Herman v. Brookerhoff,* 8 Watts, 240; *Jones v. Kirksey,* 10 Ala. 839.) In such a case the petition in the action for malicious prosecution must directly attack the judgment of conviction, or it will be suicidal. It is therefore unimportant whether the words used by the court in *Bauer v. Clay,* supra, are *dicta* or authoritative in that case, as they express the law as universally held by all courts of last resort that have spoken on this subject. It follows that the other suggestion of counsel, that the finding of the magistrate must be directly attacked in the petition for fraud or undue means, is without force; because, as that finding is only *prima facie,* all that is necessary for the plaintiff to do to win is to overthrow it by a preponderance of evidence. It can be fairly said that there was evidence submitted at the trial by the plaintiff in error, other than the transcript of the proceedings before the examining magistrate, bearing upon the question of probable cause, which the court below permitted to go to the jury, from which they might have found that the *prima facie* case made by the magistrate's finding was overcome.

It is recommended that the judgment of the district court be reversed, and the cause remanded, with instructions to grant a new trial.

By the Court: It is so ordered.

All the Justices concurring.