AUTRY v. FLOYD.

(November 20, 1900.)

1. *Former Adjudication—Res Judicata—Judgment—Estoppel—In Forma Pauperis.*

The dismissal of an action for want of a prosecution bond and a denial of motion of plaintiff to prosecute the action without giving further security, will not bar a subsequent action for the same cause of action *in forma pauperis.*

2. *Malicious Prosecution—Evidence—Witness—Competency—Malice.*

In action for malicious prosecution, defendant may testify as to whether he was influenced by malice in instituting the prosecution.

CIVIL ACTION by C. P. Autry against E. Floyd, heard by Judge *H. R. Bryan* and a jury, at Spring Term, 1900, of CUMBERLAND Superior Court. From judgment for plaintiff, the defendant appealed.

*N. A. Sinclair,* for plaintiff.
*S. M. Wetmore,* for defendant.

FURCHES, J.   The plaintiff was a mortgagor to Mrs. Floyd, wife of the defendant in this action, and who procured a State warrant, to be issued by a Justice of the Peace, against the plaintiff, Autry, for disposing of mortgaged property. The Justice of the Peace bound the plaintiff, Autry, to court, where Floyd procured a bill of indictment to be sent to the grand jury, who found it to be "a true bill." But upon the trial, the plaintiff, Autry, was acquitted, and brings this action against the defendant (in this action), Floyd, for malicious prosecution. Upon the trial the plaintiff, Autry,

recovered, and the defendant, Floyd, appealed. He puts his appeal upon many exceptions, but it is only necessary for us to consider the first two.

It appears from the transcript of record that the plaintiff had commenced another action in the Cumberland Superior Court before this for the same cause of action and against the same defendant, and that said former action had been dismissed for the want of security for the prosecution, and that the plaintiff had moved the Court in that action for leave to prosecute without giving further security, which motion was denied; and the defendant moves to dismiss this action for the reason that the action of the Court in the former action estops and prevents the plaintiff from prosecuting this action *in forma pauperis.* We do not agree with the defendant in this contention, and the ruling of the Court in refusing this motion to dismiss is sustained.

The defendant's second exception must be sustained. The defendant was examined as a witness in his own behalf, and was asked by his counsel the following question: "Were you influenced by malice in instituting the prosecution? (Plaintiff objects upon the ground that it was a matter for the jury to say, and not himself. Objection sustained, and defendant excepted)." Section 589 of The Code provides: "No person offered as a witness shall be excluded by reason of his interest in the event of the action." The defendant was, therefore, a competent witness, and, as such, it would seem that he might testify in any matter involved in the litigation, not excluded by section 590 of The Code, or as to such matters as public policy prevents a party from testifying to, as in *State v. Brittain,* 117 N. C., 783. This evidence is not excluded by section 590, nor does it seem to be prohibited by any public policy known to us. But it seems that the defendant's exception is sustained by *Nixon v. McKinney,* 105

N. C., 23; *Phifer v. Erwin,* 100 N. C., 59; *McKown v. Hunter,* 30 N. Y., 625. We are therefore of the opinion that this question and evidence were competent, and the evidence should have been allowed to go to the jury. As this error permeates the whole trial, it would hardly be proper for us to express an opinion upon any other exception. The error, as pointed out in this opinion, entitles the defendant to a new trial.

Error.