**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

DEREK THOMAS,

        Plaintiff-Appellant,

v.

CASSIA COUNTY; et al.,

        Defendants-Appellees.

No. 20-35862

D.C. No. 4:17-cv-00256-DCN

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Idaho
David C. Nye, Chief District Judge, Presiding

Argued and Submitted February 8, 2022
San Francisco, California

Before: WARDLAW, IKUTA, and BADE, Circuit Judges.

Derek Thomas appeals the district court's grant of summary judgment to

Deputy Michael Akers, Sheriff Jay M. Heward, and Cassia County on Thomas's

claims under 42 U.S.C. § 1983 and Idaho law. Thomas argues that the defendants

committed various constitutional and Idaho law violations by arresting and

---

      [*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

prosecuting him without probable cause and in retaliation for activities protected by the First and Second Amendments. We have jurisdiction under 28 U.S.C. § 1291.[1]

1. We affirm the district court's grant of summary judgment to the defendants on Thomas's Fourth Amendment claim for wrongful arrest because there is no disputed issue of material fact that Akers had probable cause to arrest Thomas for violation of section 49-1301 of the Idaho Code, which requires the driver of any vehicle involved in an accident, resulting only in damage to a vehicle, to immediately stop the vehicle and remain at the scene of the accident. *See Dubner v. City & Cnty. of San Francisco*, 266 F.3d 959, 964 (9th Cir. 2001). The record shows that, based on evidence available to Akers at the time of arrest, there was a "fair probability" that Thomas had committed the alleged hit-and-run offense, *Silva-Pereira v. Lynch*, 827 F.3d 1176, 1189 (9th Cir. 2016) (citation omitted), because a reasonable officer could have concluded that Thomas was driving his truck in an accident that caused damage to S.K.'s bicycle and then left the scene. S.K. told Akers that Thomas hit him with his truck and statements by Harold Povlesen and Alexei Thomas corroborated this account. Akers observed

---

[1]Because Thomas did not appeal the district court's grant of summary judgment in favor of Sheriff Jay M. Heward, we do not address it.

that there was sealant from what appeared to be a ruptured bicycle tire on the bicycle and S.K.'s clothing, indicating that S.K.'s bicycle had recently been damaged. Although Thomas told Akers that he was asleep at home when S.K. was hit, a reasonable officer could disbelieve these statements given that other witnesses (Povlesen, Cole Blauer, and Alexei Thomas) stated that Thomas was not at home at that time.

We reject Thomas's argument that inconsistencies in Akers's affidavit raise a genuine issue of material fact regarding whether there was a fair probability he committed the offense. Contrary to Thomas's claims, S.K.'s deposition testimony is consistent with Akers's recollection of S.K.'s statements at the scene of the incident, as set out in Akers's affidavit. And even assuming Akers erred in stating that Povlesen provided a speed estimate for Thomas's truck at the time of the incident, such an error would not raise a material dispute of fact because speeding is not an element of the hit-and-run offense. Nor does Thomas's claim that S.K. is not credible raise a genuine issue of material fact, because the key elements of S.K.'s account were corroborated by others. Finally, Akers's conclusion there was probable cause to arrest Thomas is not undercut by Blauer's statement that Thomas had not been in an accident, given that Blauer's statement was contradicted by statements by other eye-witnesses and that section 49-1301 of the Idaho Code did

not require Thomas to have actually struck S.K., *see* Idaho Code § 49-102(3) (defining "Accident").

Nor has Thomas identified any physical evidence that raises a genuine issue of material fact regarding whether there was a fair probability he committed the offense. Although Thomas argues that Akers erred in not conducting a more thorough investigation to find such evidence, "[t]he mere existence of some evidence that could suggest [a defense] does not negate probable cause," *Yousefian v. City of Glendale*, 779 F.3d 1010, 1014 (9th Cir. 2015), and Akers was not required "to investigate independently every claim of innocence," *Broam v. Bogan*, 320 F.3d 1023, 1032 (9th Cir. 2003) (cleaned up).[2]

2. We also affirm the district court's grant of summary judgment to the defendants on Thomas's Fourth Amendment claim for malicious prosecution. *See Awabdy v. City of Adelanto*, 368 F.3d 1062, 1066 (9th Cir. 2004). As explained above, there is not a genuine issue of material fact as to whether Akers had probable cause to arrest Thomas for a violation of section 49-1301 of the Idaho Code. For the same reasons, there is not a genuine issue of material fact as to whether Akers had probable cause to arrest Thomas for aggravated assault, Idaho

---

[2]Because probable cause is an objective inquiry, Thomas's allegations about Akers's motivations and state of mind are irrelevant. *See Scott v. United States*, 436 U.S. 128, 138 (1978).

Code §§ 18-901, 18-905, which includes an "unlawful attempt, coupled with apparent ability, to commit a violent injury" on a person by "means or force likely to produce great bodily harm." The record establishes that S.K. told Akers that Thomas intentionally hit S.K.'s bicycle with his truck, and this statement was supported by other evidence in the record. Thomas has not identified any event occurring between his arrest and the prosecutor's decision to prosecute Thomas for these offenses that would negate the prosecutor's probable cause.[3]

3. We also affirm the district court's grant of summary judgment to the defendants on Thomas's retaliatory arrest claim. Because the evidence established that Akers had probable cause to arrest him for violations of Idaho law, Thomas may not bring a retaliatory arrest claim unless he can present "objective evidence that he was arrested when otherwise similarly situated individuals not engaged in the same sort of protected [activity] had not been." *Nieves v. Bartlett*, 139 S. Ct. 1715, 1727 (2019). We affirm the district court's ruling that Thomas failed to provide such evidence. The historical Cassia County arrest records during a thirteen-year period leading up to and after Thomas's arrest showed that 35 percent

---

[3]Because we hold that probable cause existed to prosecute Thomas for both hit-and-run and aggravated assault, we do not address whether the presumption of prosecutorial independence would justify affirming judgment against Thomas's malicious prosecution claim. *See Beck v. City of Upland*, 527 F.3d 853, 862 (9th Cir. 2008).

of all hit-and-run suspects were arrested. Further, during the same period, police officers arrested the only two individuals who were similarly situated to Thomas—those who were eventually charged with both hit-and-run and aggravated assault. Therefore, the district court did not commit any error of law or fact in concluding that Thomas failed to demonstrate that similar criminal conduct "is endemic but rarely results in arrest" in Cassia County. *Id.*; *see also Ballentine v. Tucker*, 28 F.4th 54, 61–62 (9th Cir. 2022).

We reject Thomas's argument that Akers's statements—that he didn't like Thomas but "treat[s] everybody the same," and that "it would be nice to get a conviction" because "then we can get his guns taken away from him"—which were captured by his body camera, constitute an exception to the general rule that a plaintiff bringing a retaliatory arrest claim must plead and prove the absence of probable cause. *Nieves*, 139 S. Ct. at 1727. *Nieves* did not recognize such an exception, and instead provided that "the statements and motivations of the particular arresting officer are 'irrelevant' at this stage." *Id.* (citation omitted).

4. We affirm the district court's denial of Thomas's requests to revive his Fourteenth Amendment claim after the defendants moved for summary judgment and Thomas failed to oppose the defendants' argument regarding this claim in his opposition to this motion. The district court did not abuse its discretion in denying

Thomas's motion under Rule 59(e) of the Federal Rules of Civil Procedure to reconsider the grant of summary judgment. *See Sheet Metal Workers' Int'l Ass'n Local Union No. 359 v. Madison Indus.*, 84 F.3d 1186, 1192 (9th Cir. 1996). Because Thomas had an opportunity to defend his Fourteenth Amendment claim in opposition to Akers's motion for summary judgment, he could not raise these arguments for the first time in a motion to reconsider. *See Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003).

Nor did the district court abuse its discretion in holding that Thomas's failure to defend his Fourteenth Amendment claim in opposition to summary judgment did not constitute "excusable neglect." *See Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395, 398 (1993). Thomas is accountable for his attorney's actions, *id.* at 396, and the district court gave Thomas ample time to submit his responses to the defendants' motions for summary judgment. Therefore, we affirm the district court's denial of Thomas's motion for relief under Rule 60(b) of the Federal Rules of Civil Procedure.

5. We affirm the district court's grant of summary judgment to defendants on Thomas's state law claims. The three Idaho tort claims raised by Thomas in his complaint (false arrest, false imprisonment, and malicious prosecution) require a plaintiff to show that the defendants lacked probable cause, *see Luther v. First*

*Bank of Troy*, 64 Idaho 416 (1943) (false arrest); *Clark v. Alloway*, 67 Idaho 32, 38 (1946) (false imprisonment); *Rincover v. State, Dep't of Fin., Sec. Bureau*, 128 Idaho 653, 659 (1996) (malicious prosecution), and Thomas failed to raise a genuine issue of material fact on this issue.[4]

6. We affirm the district court's grant of summary judgment to Cassia County on Thomas's § 1983 claim because Thomas failed to show any constitutional violation that could give rise to municipal liability. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978); *Gordon v. Cnty. of Orange*, 6 F.4th 961, 973 (9th Cir. 2021).[5]

**AFFIRMED.**

---

[4]Because Thomas's claims under Idaho law fail on this ground, we do not address whether Thomas abandoned his state law claims or whether Akers would have had immunity against those claims under the Idaho Tort Claims Act.

[5]Because we hold that Thomas failed to show that his arrest or prosecution violated any constitutional right, we do not consider whether Thomas identified rights that were clearly established for purposes of determining qualified immunity. *See Pearson v. Callahan*, 555 U.S. 223, 232 (2009); *Sandoval v. Las Vegas Metro. Police Dep't*, 756 F.3d 1154, 1160 (9th Cir. 2014).